# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 03-50029-02 |
| VERSUS | CIVIL ACTION NO. 05-0405 |
| DONOVAN BARRINGTON MCCLUNE | JUDGE S. MAURICE HICKS, JR. |

## MEMORANDUM RULING

Before the Court is Donovan Barrington McClune's ("McClune") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 110. Based on the following, McClune's motion is **DENIED.**

## BACKGROUND

**A.   Factual Background.**[1]

McClune and co-defendant, Kevin Ferguson ("Ferguson"), were involved in distributing crack cocaine. Ferguson, who lived in Dallas, Texas, would deliver the cocaine to McClune, who lived in Shreveport, Louisiana. McClune, Ferguson, and another man would drive a "decoy" car to the locations where the drugs were to be delivered. A woman would drive a "stash" car containing the drugs to the same location. The drugs were delivered to Monroe, Louisiana or Jackson, Mississippi. Ferguson would pay the participants for their role in delivering the drugs. See PSI, ¶¶ 5-8.

On March 9, 2003, law enforcement officials stopped the car McClune was driving and found 578.6 grams of crack cocaine in a hidden compartment of the trunk. See PSI,

---

[1] The Court adopted the Government's recitation of facts, as McClune stated in his reply that he would "rely on the statement of facts recounted in the government's answer." Record Document 119 at 2.

¶¶ 9-13. Two digital scales, two pistols, and $18,032 in cash were also found in McClune's residence. See PSI, ¶ 10.

**B.     Procedural History.**[2]

On March 27, 2003, a federal grand jury returned a two count indictment against Ferguson and McClune. Count One charged them with conspiracy to distribute 50 grams or more of cocaine base (crack cocaine) and Count Two charged them with possession with intent to distribute 50 grams or more of cocaine base (crack cocaine). See Record Document 17.

On May 19, 2003, McClune filed a motion to suppress, which was denied by the Court on July 23, 2003. See Record Documents 37 & 59. On May 29, 2003, the Government filed a motion and memorandum for a Garcia hearing for the determination of conflicts of interest. See Record Document 40. After a June 16, 2003 hearing, the Magistrate Judge orally ruled that there was no conflict of interest in the representation of McClune by defense counsel, Daryl Gold. See Record Document 46. On August 8, 2003, pursuant to a written plea agreement, McClune entered a plea of guilty to Count One of a bill of information charging him with possession with intent to distribute five grams or more of cocaine base (crack cocaine). See Record Documents 65-70.

According to the Presentence Investigation Report, McClune's base offense level was 36 and the Guidelines Range was 188 to 235 months. Yet, prior to sentencing, the Government filed a motion for downward departure pursuant to Section 5K1.1 of the United

---

[2]Again, McClune had no disagreement with the statement of the proceedings set forth by the Government in its answer; thus, the Court adopted the Government's procedural history. See Record Document 119 at 1-2.

States Sentencing Guidelines, specifically recommending a base offense level of 30. See Record Document 89. Later, the Government superceded its prior Section 5K1.1 motion and recommended a forty percent reduction in McClune's overall sentence. See Record Document 104. The Court orally granted the superceding motion at the sentencing hearing on March 30, 2004 and McClune was sentenced to 141 months imprisonment. See Record Document 105. McClune did not file a direct appeal.

McClune filed the instant Section 2255 motion on March 4, 2005. See Record Document 110. McClune supplemented the motion on March 28, 2005 and April 11, 2005. See Record Documents 112 & 114. The Government filed its answer on June 6, 2005 and McClune replied on July 22, 2005 and January 13, 2006. See Record Document 119 & 122.

## LAW AND ANALYSIS

**A.    Ineffective Assistance Of Counsel.**

McClune contends that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, he must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. McClune may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, McClune must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different."  Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The two prongs of the Strickland test need not be analyzed in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 173 n.6 (5th Cir. 1998); Murray, 736 F.2d at 282. Further, if McClune fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.  See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

In the context of guilty pleas, the first half of the Strickland test is nothing more than a restatement of the standard of attorney competence.  See Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985).  The second prong, the prejudice requirement, considers whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  See id. at 59, 106 S.Ct. at 370.  To satisfy this prejudice requirement, McClune must demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  Id.

Moreover, "a voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant," including "claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."  U.S. v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).  Thus, even if the attorney has "rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary" because there has been no actual

and substantial disadvantage to the defense. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

First, McClune argues that his attorney was ineffective at the sentencing hearing. Specially, he claims that his attorney failed to challenge a two point weapon enhancement which the attorney had originally listed as an objection to the Presentence Investigation Report; that his attorney failed to object to the omission of an additional point reduction of the base offense level for acceptance of responsibility; and that his attorney should have objected to the Court's failure to make findings of fact as to the objections.

McClune did not file a direct appeal. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time of collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error." U.S. v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (internal citation omitted); U.S. v. Walker, 68 F.3d 931, 934 (5th Cir. 1995). Thus, it is possible that the aforementioned ineffective assistance of counsel claims are procedurally barred because McClune did not challenge the weapon enhancement, the omission of an additional one point reduction for acceptance of responsibility, and the Court's failure to make findings of fact as to the objections on direct appeal. Notwithstanding, McClune has not established that his attorney's actions at the sentencing hearing were not strategic moves. Defense counsel filed objections to the Presentence Investigation Report, but withdrew the objections at the time of sentencing. Counsel's course of action is likely attributable to the Government's filing a motion for downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. The Court granted the motion and sentenced McClune to 141 months imprisonment, substantially less than his Guidelines Range of 188 to 235 months. Under the "totality of the circumstances" standard set forth in Strickland, the decisions

pertaining to the weapon enhancement, the additional one point reduction for acceptance of responsibility, and challenging the Court's handling of the objections could have been, and in all likelihood were, strategic. Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Such decisions are considered with great deference. See id. at 689-691, 104 S.Ct. at 2065-66; Murray, 736 F.2d at 282; Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985).[3]

McClune also contends that his attorney was ineffective because he operated under a conflict of interest. "A defendant's right to effective assistance of counsel includes the right to representation free from a conflict of interest." U.S. v. Greig, 967 F.2d 1018, 1021 (5th Cir. 1992). Under U.S. v. Garcia, 517 F.2d 272 (5th Cir. 1975), trial courts in the Fifth Circuit conduct a hearing "to ensure that the defendant (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." Id. at 1022. However, the existence of an actual conflict does not require setting aside the conviction in a criminal proceeding if the error had no adverse effect on the judgment. See id. at 1024. In the context of a conflict of interest, "adverse effect is not the equivalent of prejudice, the reasonable probability of a different result," as set forth in Strickland. Id. Rather, "injury sufficient to justify reversal is presumed from the showing of adverse effect" and a defendant who demonstrates that a conflict of interest actually affected the adequacy of his counsel's performance is not required to establish prejudice to obtain relief. Id.; see also Nealy v. Cabana, 782 F.2d 1362, 1365 (5th Cir. 1986).

---

[3]Further, because the Court granted the motion for downward departure and imposed a sentence well below the Guidelines Range, McClune cannot establish that absent his attorney's alleged errors, the result of the proceedings would have been different, which is required under the second prong of the Strickland test. See Murray, 736 F.2d at 282.

In this case, the conflict of issue matter was resolved prior to McClune's guilty plea. The Government filed a motion alerting the Court of the potential conflict, a Garcia hearing was held, and the Magistrate Judge ruled there was no conflict of interest in the representation of McClune by defense counsel, Daryl Gold. See Record Documents 40 &46. Thus, the safeguards of Garcia were applied in this case. Moreover, even assuming that McClune could show that his trial counsel operated under a conflict of interest, he cannot establish that it adversely affected his performance. McClune has provided no evidence that defense counsel failed to employ a valid or genuine alternative strategy or tactic due to a conflict of interest. The Court's own review of the record reveals the same. Simply put, even assuming a conflict of interest, the record conclusively establishes that there was no adverse effect on McClune's right to representation.

The Court finds that McClune has failed to overcome the presumption that his attorney's actions were encompassed within the wide range of reasonable competence and fell under the ambit of trial strategy. The Court also finds that McClune has failed to show that absent his attorney's alleged errors, the result of the proceedings would have been different. Accordingly, his ineffective assistance of counsel claims are without merit.

**B.    Booker/Apprendi.**

McClune argues that United States v. Booker, 543 U.S.220, 125 S.Ct. 738 (2005), should be applied retroactively to vacate his sentence. Also relying on Booker, he contends that he should be resentenced in accordance with the United States Sentencing Guidelines applicable to powder cocaine rather than crack cocaine. However, Booker does not apply retroactively on collateral review to a Section 2255 motion. See In re Elwood,

408 F.3d 211, 213 (5th Cir. 2005); U.S. v. Gentry, 432 F.3d 600, 604 (5th Cir. 2005). Accordingly, McClune's Booker claims have no merit.

McClune also argues that his sentence was improper under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2002), which held that "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. at 2362-2363. Yet, like Booker, Apprendi is not retroactively applicable to cases on collateral review. See U.S. v. Brown, 305 F.3d 304, 310 (5th Cir. 2002). Moreover, McClune is not entitled to relief under Apprendi because his sentence of 141 months did not exceed the statutory maximum of forty years. See U.S. v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000) (stating that "the decision in Apprendi was specifically limited to facts which increase the penalty beyond the statutory maximum."). Thus, McClune's Apprendi claims fail.[4]

## CONCLUSION

The Court finds that McClune has failed to overcome the presumption that his attorney's actions were encompassed within the wide range of reasonable competence and fell under the ambit of trial strategy. The Court also finds that McClune has failed to show that absent his attorneys' alleged errors, the result of the proceedings would have

---

[4] McClune also argues that his attorney was ineffective for not raising an Apprendi issue at sentencing. As stated in the body of the instant Memorandum Ruling, McClune was not entitled to relief under Apprendi and an attorney cannot be considered ineffective for failing to raise meritless objections. See Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995); U.S. v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984).

been different. McClune's remaining Section 2255 claims under Booker and Apprendi are without merit.

Therefore,

**IT IS ORDERED** that McClune's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Record Document 110) is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 12th day of October, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE