## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 03-50029-02 |
| VERSUS | CIVIL ACTION NO. 05-0405 |
| DONOVAN BARRINGTON MCCLUNE | JUDGE S. MAURICE HICKS, JR. |

### MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration (Record Document 129) filed by Donovan Barrington McClune ("McClune"). McClune asks the Court to reconsider its denial of his Section 2255 motion, arguing that such denial was factually and legally incorrect.

Here, the Court did not conclusively find that McClune's ineffective assistance of counsel claims were procedurally barred, but rather stated that a procedural bar was possible due to McClune's failure to file a direct appeal. See Record Document 127 at 5. Alternatively, the Court held that defense counsel's actions at sentencing were likely strategic and that McClune had not shown that, under the totality of the circumstances, his attorney's performance was outside the wide range of professionally competent assistance. See id. at 5-6. Moreover, the Court noted in a footnote that in light of the downward departure, McClune could not establish that absent his attorney's alleged errors at sentencing, the result of the proceedings would have been different. See id. at 6 n. 3.

In his Motion for Reconsideration, McClune argues that he would have benefitted more from the Court sustaining the objections to the Presentence Investigation Report than the Court granting the Government's Section 5K1.1 motion. See Record Document 129 at 5. In fact, McClune contends that he received a higher sentence because the Court

granted the Section 5K1.1 motion. See id. McClune's argument is unconvincing. Other than McClune's conclusory, self-serving allegations, there is no indication that the Court would have sustained his objections to the Presentence Investigation Report. Moreover, while McClune's Section 2255 motion challenged the Court's failure to make findings of fact as to his objections relating to the two point weapon enhancement and the omission of an additional one point reduction for acceptance of responsibility, he did not make a similar challenge in relation to his objection based on calculating his base offense level.[1] See Record Document 110 at 5-6. Based on this reasoning, this Court again finds that McClune cannot show that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different. See Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 129) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of November, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In the Presentence Investigation Report, McClune's base offense level was 36. Defense counsel filed an objection arguing that the proper base offense level was 26.